Mathews, J.
delivered the opinion of the court. This action was commenced by the syn-dies to recover a certain quantity of merchandize, described in their petition, or its value, from the defendants, who received the goods in dispute from the insolvents, after an order had been made to stay proceedings against the latter, upon an application to surrender their property for the benefit of their creditors. It is stated in the petition, that these *240 goods are subjected to special liens and pri- . J „ , , . vileges, on account of rent of the house in which they were stored, to the amount of four hundred dollars and upwards, and also for a large amount due to the united states, on custom-house bonds, &c.
East’n District.
April, 1822.
The judgment of the district court being in favor of the plaintiffs, only for the amount claimed on account of rent, they appealed.
The evidence in the cause, and admissions of the parties, shew that the goods in question are not the property of the insolvents, but were held by them on consignment from the owners; for whom the defendants received and now hold them. This is literally true, in relation to all, except thirty-eight bags of pepper, which were bought by the bankrupts on account of the consignors, and paid for with the funds of the latter. These circumstances, it is believed, place this property on the same footing with the rest of the goods.
In case of failure and cessio bónorum, it is' clearly the duty of the insolvent to surrender all his own goods: but to give up as his own, those of another person, which might be in his possession, at the time of such failure, would be illegal and dishonest.
*241 In the present case, it appears that the insolvents delivered to the defendants, property which they held not as owners, but as agents for other persons: in so doing, we believe they acted legally and honestly ; and the ap-pellees ought not to be disturbed in their possession, unless it be sllewn that some lien or privilege followed, and still attached to the goods (at the commencement of this suit) in the hands of these last possessors. This, in our opinion, the plaintiff and appellant has failed to do, and consequently has no good grounds of complaint against the judgment of the court a quo, which, as to him, ought to be affirmed.
But the appellees, in pursuance of a late act of the legislature, in answering to the appeal, have assigned errors, on which they rely to have judgment reversed in toto.
In relation to these errors, we are of opinion, that the syndic, in representing the mass of the creditors, represents each individual composing said mass, so far as concerns the property of the cedant, which he is bound to administer for the benefit of all who may be interested therein, whatever may be the different interests.
*242 The only question of any difficulty in the cause, (as suggested by the counsel for the plaintiff) relates to the claim of privilege made on behalf of the lessor of the insolvents, on all the goods found in the store which was leased, whether belonging to them or to other persons. When a house is let chiefly for a store or shop, the landlord or lessor may seize the goods found in it, to pay rent, and this his privilege follows them even after removal, provided he pyove their identity, and urge his claim within a fortnight from the day oFtheir removal. Civ. Code, 468, art. 74.
The pursuit of the goods of a third person to pay rent on a contract of lease, as provid'ed for by law, is clearly a proceeding in rem, in which the lessee has no direct and immediate interest; therefore protection granted to him and his property, ought not to delay the lessor from seizing such goods whilst they remain in the leased premises; or if pursued in the hands of another person, wdthin the time limited by law. As to this extraordinary privilege of landlords, it is believed that they are not represented by syndics, appointed to represent the mass of creditors in the management of insolvent estatefi; but that they *243 may and must for themselves* and in their own _ - . . right pursue the property within the prescribed period, or lose the privilege. From this view of the case, it is believed that the judgment of the district court is erroneous.
Hennen for plaintiffs, Workman for defendants.
It is therefore ordered, adjudged and decreed, that it be avoided, reversed and annulled, and that judgment be rendered for the defendants and appellees, with costs in both courts.